Gaston, Judge.
 

 Before the psssing of the act of 1796,
 
 (Rev. c.
 
 469,) a widow had no further claim upon the personal estate of her husband dying intestate than to a distributive share. That act authorised the widow to take into her possession all the personal estate of such intestate, and to use so much of the crop^stock and provisions then on hand, as might be absolutely necessary for herself and family, until letters of administration should be granted, and made it her duty to apply for administration at the first term of the County Court succeeding his death. This act further enacted that at the term when such administration was granted, it should be lawful for the widow by petition, in the mode therein pointed out, to obtain an allotment of such part of the crop, stock and provisions of her husband’s estate, as might be necessary and adequate for the support of herself and family for one year. The act of 1813,
 
 (Rev. c.
 
 858,) provided that in case there was not on hand a crop stock and provisions, out of which a sufficient provision could be made, the widow might have the value of a year’s provision assessed tobe paid by the administrator out of the assets of the intestate. By the act of 1824,
 
 (Rev.c.
 
 1244,) it is declared that the widow of an intestate husband shall be entitled in addition to'the years allowance, to one bed and furniture, and a wheel and one pair of cards, if such are to be found among the chattels of the deceased; and. by an act of 1827, (c. 12,) a widow dissenting from the will of her husband, is placed in the same situation with respect to the years provision, as if her husband had died intestate. The last act on the subject, that of 1832, (c. 20,) authorises the widow to apply for this provision before an administrator is appointed, and permits it to be made by an allotment of specific articles of personal property, (other than negroes,) or of debts due the intestate.
 

 
 *121
 
 , Whether a wi-clow who has dish^tndtTwiu61' cannot file her petlon ®>r a years time of entering her tlisseilt' •
 

 It is stated in this, case that
 
 Janies Gillespie
 
 died intestate, in January, 1829, that no application was made by the petitioner, his widow, for administration at the term next suceeding his death
 
 ;
 
 that the defendant obtained letters of administration at February Term, 1831, and that the petitioner made her application for a years allowance at February Term, 1833. Upon these facts, the Superior Court dismissed the petition, and we are of opinion that this dismission was right.
 

 The first acton this subject expressly limits the application to the term at which administration is granted, and there is not a clause nor expression in any of the subsequent acts, from which can be collected an intention on the part of the Legislature to permit such application to be made afterwards, unless it may be in the case where ,, , , , , ,, •„ t the widow has dissented from her husband’s
 
 will.
 
 In that case
 
 perhaps,
 
 for it is not necessary now to decide the point, she may be in time if she file her petition at the term at which she dissents, which by the law, must be within six months after the probate of the will.— Where the words of the statute are so explicit we should hesitate long in adopting a construction which departed from them. But in fact there are several strong reasons to require from the court the interpretation which the words call for. The design of the Legislature was to secure to the widow, if it could be done, the means of subsistence for herself and her family during the first year of her destitution. For this purpose, the first statute permitted these means of subsistence to be taken only out of the crop, stock, and provisions on hand at her husband’s death, which otherwise it would be the duty of the administrator to sell. And although the subsequent statutes, where the means of subsistence were not on hand, authorised an allowance to he made out of others, or out of the personal estate generally, those subsequent enactments were all in the spirit of the first act, to support the widow during the first year. The first act directs the allowance made, to be returned in the inventory by the administrator, and we know it his duty to return this inventory at the first court after he ad
 
 *122
 
 ministers. All the acts contemplate this allowance to have priority over debts of every description, and it is therefore indispensable that the administrator should know what is its amount before lie can be compelled to plead to the suit of a creditor. No one can anticipate the confusion which might arise, or the injustice which might be done to the creditors, or the administrator, or the next of kin, if the widow might be permitted to defer her application for an indefinite period Nor can there well be any hardship on the widow by adhering to the obvious meaning of the acts. She has a right to administer in preference to any other person. Administration cannot rightfully be taken out by another person without notice to her. If she administers, of course it must he her own fault if she does not ask for this allowance. — . When she declines to administer, on
 
 being
 
 informed that another person will apply for letters, it is a matter of course if she desires it, to have the order made, and her personal attendance oven is unnecessary. ,
 

 It is the opinion of this court that the judgment of the Superior Court be affirmed.
 

 Per Curt AM — JudgmeNt apeirmed •